# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| EILEEN BRITTINGHAM, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No.: 1:24-CV-2236 ) |
| MILBANK INSURANCE COMPANY, | ) ) ) |
| Defendant. | ) |

## JOINT RULE 26 CONFERENCE REPORT AND DISCOVERY PLAN

In accordance with Rule 26(f) of the Federal Rules of Civil Procedure, legal counsel for Plaintiff Eileen Brittingham ("Plaintiff") and Defendant Milbank Insurance Company ("Milbank") participated in the meeting on July 11, 2024. During the meeting, counsel for the parties considered the nature and basis of the Plaintiff's claims and Defendant's defenses and the possibilities for promptly settling or resolving the case; making or arranging for the disclosures required by Rule 26(a)(1); discussed issues about preserving discoverable information; and, as detailed below, developed a proposed discovery plan.

**I.  Rule 26(f)(3)(A): What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made?**

Pursuant to Rule 26(a)(1)(C), the parties stipulate and agree that initial disclosures under Rule 26(a)(1) will be made on or before September 18, 2024. No changes are requested by the parties.

**II.     Rule 26(f)(3)(B): The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

The parties expect that they will seek discovery regarding the issues and allegations described in the pleadings which include, but are not limited to, the homeowners insurance policy at issue, whether any coverage is due under such policy, including whether Plaintiff's claims related to the loss at issue are covered by the insurance agreement, whether any claims by Plaintiff are excluded or limited under the policy, whether Plaintiff failed to mitigate damages under the policy and under state law, any amounts due and owing to the Plaintiff under the policy, amounts Milbank previously issued to Plaintiff or on Plaintiff's behalf, whether Plaintiff cured any policy defenses, and any claim by Plaintiff for damages under state law or the insurance agreements and the basis and amount for those damages.

The parties have no suggested revisions to the Court's discovery deadlines as set forth in the Proposed Scheduling Order.

Milbank proposes that discovery be conducted in phases or bifurcated and limited to particular issues such as coverage, and extra-contractual discovery if necessary. However, Plaintiff does not agree with bifurcation or phased discovery.

**III.    Rule 26(f)(3)(C): Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

Disclosure, discovery, or preservation of electronically stored information should be handled by producing material in hardcopy or searchable PDF thereby allowing documents produced to be indexed and individually marked through "bates" stamping. The parties agree to preserve all electronic communications, including but not limited to electronic mail. Consistent with Federal Rule of Civil Procedure 34(b)(2)(E)(iii), the parties need not produce the same electronic discovery in more than one form; however, after the production of electronic

2

discovery in a hardcopy or static form, the parties may request disclosure of metadata or native files for particular documents where good cause has been demonstrated (e.g., when the original creation date of a document is an issue and disputed) or when a static image is not reasonably usable (e.g., when a .pdf image is unable to capture/display all column/information contained in a spreadsheet such as an Excel file).

The parties reserve the right to further discuss the need for additional ESI protocols if the same are needed.

IV. **Rule 26(f)(3)(D): Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

The parties agreed that there are no special privilege issues to be addressed at this time.

V. **Rule 26(f)(3)(E): What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

The parties do not propose any changes or limitations on discovery that differ from those set forth in this Court's Scheduling Order, via local rules, or the Rules of Civil Procedure.

VI. **Rule 26(f)(3)(F): Any other orders that the Court should issue under Rule 26(c) or under Rule 16(b) and (c).**

The parties do not anticipate the need for a protective order to be entered in regard to any type of information, with exception to discovery of any trade secret, proprietary or commercially sensitive information. To the extent the parties later determine that a protective order is appropriate and necessary to protect confidential and sensitive information, the parties will thereafter jointly submit a stipulated/or Agreed Protective Order.

54790791 v1

**VII.    Other issues addressed in the parties' Rule 26(f) discovery conference.**

*Electronic Service.* The parties agree that any papers required to be served upon the other party in this action which cannot be served via the Court's electronic filing system may be served by electronic mail, and that service shall be considered effective on the date of delivery.

*Possibility of Settlement.* The parties advise that early, substantive settlement discussions have not occurred and the parties aware presently unaware if settlement is likely.

*Length of Trial.* Given the present uncertainty regarding whether there will be a need for expert testimony concerning the value of the property at issue, expert testimony on ESI or otherwise, the parties believe a 4-5 day trial setting is appropriate at this time.

Jointly submitted this 30th day of August, 2024, by:

BURR & FORMAN LLP

*/s/ Matthew B. Rogers*
Brian C. Neal (BPR #022532)
Matthew B. Rogers (BPR #038777)
222 Second Ave. South, Suite 2000
Nashville, TN 37201
Telephone: (615) 724-3246
Facsimile: (615) 724-3346

*Attorneys for Defendant Milbank Insurance Company*

THE FARBER LAW FIRM

*/s/ David S. Farber (by MBR with permission)*
David S. Farber (FL BPR 0370230)
2199 Ponce de Leon Blvd. Suite 301
Coral Gables, FL 33134
dfarber@dfarberlaw.com
pleadings@dfarberlaw.com

*Attorney for Plaintiff Eileen Brittingham*