IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| THE ESTATE OF EILEEN FRANCES BRITTINGHAM, DECEASED, BY AND THROUGH JAMES ANDREW BRITTINGHAM, ADMINISTRATOR,<br><br>Plaintiff,<br><br>v.<br><br>MILBANK INSURANCE COMPANY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>) Case No.: 1:24-CV-2236<br>)<br>)<br>)<br>)<br>)<br>) |

### DECLARATION OF CRAIG BETTS

I, Craig Betts, declare and state as follows:

1. I, Craig Betts, am an adult citizen and resident of Rutherford County, Murfreesboro, Tennessee, and have personal knowledge of the matter stated herein.

2. This Declaration is submitted in support of Defendant Milbank Insurance Company's ("Milbank") Response to Motion to Compel Appraisal.

3. I am self-employed as an appraiser and umpire for the insurance appraisal process, and I have held such position since 2016. I have worked in the insurance industry for over 20 years in Property & Casualty claims with over 15 years as Team Manager for State Farm Insurance and Financial Services.

4. On or about August 16, 2023, I received a "memorandum of appraisal" via email at my personal email address, 3betts@comcast.net, wherein I was appointed as an appraiser for Milbank regarding Milbank's claim number PR-0000000-474846 ("Claim") for an appraisal related to a homeowners policy bearing policy number 1000645072 ("Policy") proving certain insurance coverages for a residential property located at 103 Greenbriar Lane, Jackson, Tennessee 38305 ("Property") owned by Eileen Brittingham ("Brittingham").

**Exhibit 8**

5. On September 10, 2023, I received an email from William Griffin ("Griffin") advising that Lewis O'Leary ("O'Leary") was to be appointed as appraiser for Brittingham for the appraisal process related to the Claim ("Appraisal").

6. The September 10, 2023 email from Griffin was the first time I had any communications with Griffin or Brittingham related to the Policy, the Claim, the Property, or the Appraisal.

7. Between September 10, 2023 and November 30, 2023, O'Leary and I were unable to agree on an umpire for the Appraisal pursuant to the Policy's appraisal clause.

8. On November 29, 2023, I reached out to O'Leary via email to move the Appraisal forward and on November 30, 2023, O'Leary advised me via email that a dispute had arisen between O'Leary and Griffin and Griffin removed O'Leary from several appraisals. A true and correct copy of the November 29, 2023 and November 30, 2023 email string between myself and O'Leary is attached hereto as **Exhibit A**.

9. Further, O'Leary advised in his November 30, 2023 email that Griffin had not responded to O'Leary regarding the status of his service as an appraiser for the Appraisal and other appraisals. O'Leary also copied Griffin on the November 30, 2023 to myself in hopes that Griffin would provide an answer to O'Leary's inquiry regarding his status as appraiser for the Appraisal. *See* **Exhibit A**.

10. Between September 10, 2023 and November 30, 2023, O'Leary and I did not inspect the Property together and I did not receive any document or communication from O'Leary setting forth what he represented to be the amount of loss to the Property as part of the Appraisal.

11. Between December 1, 2023 and February 20, 2024, I had no contact with Griffin, O'Leary, or Brittingham regarding the Appraisal.

12. On February 20, 2024, I reached out to Milbank in an effort to move the appraisal process forward regarding the Claim as I had not heard from any new appraiser appointed by Brittingham or Griffin since November 30, 2023.

13. In this regard, on February 20, 2024, I was copied on an email from Milbank's Keith White to Griffin advising Griffin to have Brittingham's appraiser contact me. A true and correct copy of the email sent by Keith White to Griffin is attached hereto as **Exhibit B**.

14. Since February 20, 2024, I have not been contacted via telephone, email or written correspondence by Griffin, Brittingham or any other person advising me that anyone has been appointed as Brittingham's appraiser for the Appraisal.

15. As of the date of this Declaration, I am unaware of any appraiser having been appointed by Brittingham or Griffin for the Appraisal since November 30, 2023.

16. To my knowledge, other than the initial appointment of O'Leary as appraiser in this matter over a year ago, followed by O'Leary advising in November 2023 that he had been terminated as Brittingham's appraiser, nothing has happened regarding the Appraisal. Indeed, neither Brittingham nor Griffin advised of any substitute appraiser or desire to move forward the Appraisal between O'Leary's termination in November 2023 and the filing of the lawsuit on April 18, 2024.

Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury that the foregoing is true and correct.

*/s/ Craig Betts*
Craig Betts

Executed on October 18, 2024.