IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| THE ESTATE OF EILEEN FRANCES BRITTINGHAM, DECEASED, BY AND THROUGH JAMES ANDREW BRITTINGHAM, ADMINISTRATOR, <br><br> Plaintiff, <br><br> v. <br><br> MILBANK INSURANCE COMPANY, <br><br> Defendant. | Case No.: 1:24-CV-2236 |

**SECOND JOINT MOTION TO EXTEND UNEXPIRED DEADLINES**

Come now the parties, by and through counsel, pursuant to Fed. R. Civ. P. 6(b)(1) and 16(b)(4), for purposes of providing the Court with an update, and respectfully moving this Honorable Court for an Order extending all unexpired deadlines and to set a new trial date in this case. In support of this Joint Motion, the parties submit, as follows:

1. As this Court is aware, Counsel for Plaintiff, David Farber ("Farber") was involved in a serious accident involving a motor-driven cycle on May 8, 2025 where he severely injured left shoulder and right elbow, among other injuries, causing the unexpected loss of use of his arms and hands.

2. As a result, a Joint Motion to Extend Deadlines was filed (ECF No. 48) and an Order entered extending the deadlines (ECF No. 49). While the parties have made efforts to move the case forward, it has been hampered by Mr. Farber's injuries and doctor's appointments, scheduling conflicts with other cases, issues with witnesses and the location of witnesses in this case, and other difficulties associated with Mr. Farber having to obtain mass extensions in numerous cases and the deadlines posed in those cases.

61000451 v1

4. The remaining deadlines in the Scheduling Order (D.E. 23), as modified by this Court's Order entered extending the deadlines (ECF No. 49), are as follows:

**COMPLETING ALL DISCOVERY: - September 25, 2025**

**\*\*\*\*\***

**(b) DEPOSITIONS AND REQUESTS FOR ADMISSIONS: September 25, 2025**

**(c) EXPERT WITNESS DISCLOSURES (Rule 26):**

**\*\*\*\*\***

**(2) DISCLOSURE OF DEFENDANTS' RULE 26 EXPERT INFORMATION: September 11, 2025**

**(3) EXPERT WITNESS DEPOSITIONS: September 25, 2025**

**MOTIONS TO EXCLUDE EXPERTS/DAUBERT MOTIONS: October 24, 2025**

**FILING DISPOSITIVE MOTIONS: November 7, 2025**

5. The Notice of Setting (ECF No. 50) entered by this Court on May 19, 2025 provides the parties with the following deadlines:

**NOTICE OF RESETTING: Jury Trial reset for 3/30/2026 09:30 AM in Jackson Courtroom 1 before Judge S. Thomas Anderson. Pretrial Conference reset for 3/20/2026 09:00 AM in Jackson Courtroom 1 before Judge S. Thomas Anderson. Proposed Pretrial Order due by 3/13/2026.**

6. After attempting to circumvent the issues briefed herein and continuing with the completion of depositions according to the September 25, 2025 deadline, the parties' counsel conferred on September 10, 2025 and agreed an extension of sixty (60) days of the unexpired deadlines in the Scheduling Order and the trial date should be sufficient to allow Farber to continuing treating for his injuries, finish healing and rehabilitating, continue addressing the scheduling conflicts, and allow the parties meet the last remaining deadlines in the case.

7. "When an act may or must be done within a specified time, the court may, for good cause, extend the time." Fed. R. Civ. P. 6(b)(1). When a party seeks an extension before the relative deadline has lapsed, the Court need only find there is good cause to grant an extension, "with or without motion or notice" from the requesting party. Fed. R. Civ. P. 6(b)(1)(A).

8. Under Federal Rule of Civil Procedure 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quoting *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)). The party seeking modification must show "that despite their diligence they could not meet the original deadline." *Leary v. Daeschner*, 349 F.3d 888, 907 (6th Cir. 2003). In addition, "a determination of the potential prejudice to the nonmovant also is required when a district court decides whether or not to amend a scheduling order." *Id.* at 909.

9. In this case, the parties have conducted multiple rounds of written discovery and issued subpoenas to third-parties and received the document production. Defendant has also inspected the dwelling and structures at the property at issue in this lawsuit with its experts. The parties have also served their expert reports and Rule 26 information.

10. The parties respectfully submit there are many depositions of fact witnesses and each parties' expert witnesses remaining with witnesses located in all three (3) grand divisions of Tennessee, and one witness located in Florida making arrangements for depositions more difficult, expensive, time consuming, and logistically challenging than a case with only localized witnesses.

11. The parties now seek a continuance in light of the unforeseen injuries occurring to counsel for Plaintiff on May 8, 2025, the continued rehabilitation and treatment of counsel,

scheduling conflicts with other cases stayed, the scheduling difficulties of the witnesses in this case, and ongoing discovery efforts in this case.

12. As further cause for an extension, Milbank's counsel recently learned on September 8, 2025 that one (1) of Milbank's primary, disclosed fact witnesses, the individual who handled the claim for the deceased Eileen Brittingham on behalf of Milbank and for which deposition inquiry is sought by Plaintiff, is no longer employed with Milbank as of September 5, 2025 and the parties will require additional time to locate the witness and make arrangements to secure her deposition testimony.

13. The parties respectfully move this Honorable Court for entry of an Order extending all unexpired deadlines in the Scheduling Order (D.E. 23), as modified by Order (D.E. 49), by sixty (60) days, including the trial date and deadlines set forth in the Notice of Resetting (D.E. 50), based upon Plaintiff's accident and continued rehabilitation, scheduling conflicts with other cases that are being resolved, the difficulties and challenges presented by the deposition schedules and location of witnesses in this case, lack of opposition by or prejudice to either party, and in the interests of courtesy.

**WHEREFORE**, based upon the foregoing, agreement by the parties, and for good cause shown, the parties respectfully move the Court to enter the proposed Order Granting Joint Motion to Extend Unexpired Deadlines, which has been submitted contemporaneously in accordance with Local Rules.

Jointly Submitted by:

*/s/ Matthew B. Rogers*
Brian C. Neal (BPR #022532)
Matthew B. Rogers (BPR #038777)
BURR & FORMAN LLP
222 Second Ave. South, Suite 2000
Nashville, TN 37201
Telephone: (615) 724-3246
Facsimile: (615) 724-3346
*Attorneys for Defendant Milbank Insurance Co.*

-and-

*/s/ David S. Farber by MBR w/permission via email*
David S. Farber (FL BPR 0370230)
Admitted to the Western District of Tennessee*
THE FARBER LAW FIRM
2199 Ponce de Leon Blvd. Suite 301
Coral Gables, FL 33134
dfarber@dfarberlaw.com
pleadings@dfarberlaw.com

*Attorney for The Estate of Eileen Frances Brittingham, deceased, by and through James Andrew Brittingham, Administrator*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on this 11th day of September, 2025, a true and exact copy of the foregoing has been served via the Court's CM/ECF System, on the following:

David S. Farber (FL BPR 0370230)
2199 Ponce de Leon Blvd. Suite 301
Coral Gables, FL 33134
dfarber@dfarberlaw.com
pleadings@dfarberlaw.com

*/s/ Matthew B. Rogers*