IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| THE ESTATE OF EILEEN FRANCES BRITTINGHAM, DECEASED, BY AND THROUGH JAMES ANDREW BRITTINGHAM, ADMINISTRATOR,<br><br>Plaintiff,<br><br>v.<br><br>MILBANK INSURANCE COMPANY,<br><br>Defendant. | Case No.: 1:24-CV-2236 |

**REPLY IN SUPPORT OF ITS MOTION AND MEMORANDUM OF LAW IN SUPPORT OF ITS REQUEST FOR ATTORNEYS' FEES**

In accordance with Local Rules 7.2(c) and 54.1, in addition to Fed. R. Civ. P. 45, Defendant Milbank Insurance Company (hereinafter "Milbank") moves this Honorable Court for an Order granting it leave to file this Reply in Support of its Motion and Memorandum of Law in Support of its Request for Attorneys' Fees (D.E. 47) following receipt of Non-Party, William Griffin's Response and Objection filed on Monday, October 2, 2025. (D.E. 56.):

**BACKGROUND**

Under Fed. R. Civ. P. 45, a non-party may be directed to "produce designated documents, electronically stored information, or tangible things in that person's possession, custody . . ." Generally, the non-party's failure to serve timely written objections operates to waive any such objections. *Viking Yacht Co. v. Composites One LLC*, 2007 WL 869623, at *2 (E.D. Tenn. Mar. 21, 2007). Mr. William Griffin ("Mr. Griffin") and Griffin Building Consultants, LLC ("GBC") failed to respond to Milbank's Subpoena, did not object, or file a motion to quash. Mr. Griffin and GBC's repeated refusals to timely comply with the Federal Rules of Civil Procedure and this

**Exhibit 1**

Court's subpoena, justify an award of attorneys' fees as contempt sanctions or sanctions under this Court's inherent authority.

None of this work would have been necessary if Griffin and/or GBC had timely responded to the Subpoenas. Milbank even waited to file its Motion Compel Subpoena Responses and for Sanctions on March 18, 2025 (D.E. 37) after serving subpoenas on Mr. Griffin and GBC on October 10, 2024 with a production date of November 12, 2024. (D.E. 37-1.) Mr. Griffin and GBC finally produced incomplete information to Milbank on March 19, 2025, produced more documents responsive to the subpoenas on March 24, 2025 after being advised of the incomplete and deficient production on March 19, 2025, and again on April 4, 2025 after being asked to supplement production in-person on April 2, 2025. (D.E. 56 at PageID # 771.) Milbank was without the documents for four (4) months and also accrued expenses in securing the production from Griffin and GBC. Milbank now address Mr. Griffin's unavailing arguments and late objection:

**(1)    Mr. Griffin's Response Provides No Adequate Excuse for Noncompliance.**

Under Rule 45 of the Federal Rules of Civil Procedure, "[t]he court for the district where compliance is required … may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." While riddled with excuses, the Response filed by only Mr. Griffin provides no "adequate excuse." The 2013 Advisory Committee Notes to Rule 45 provide:

> [C]ontempt sanctions may be applied to a person who disobeys a subpoena-related order, as well as one who fails entirely to obey a subpoena. In civil litigation, it would be rare for a court to use contempt sanctions without first ordering compliance with a subpoena, and the order might not require all the compliance sought by the subpoena.

2

While rare, this Court and Mr. Griffin have been here before on the issue of refusal to comply with a subpoena and contempt, involving Mr. Griffin, and without adequate excuse. *See Clark v. Liberty Mut. Ins. Co.,* No. 1:22-CV-01089-JDB-JAY, 2023 WL 6037435 (W.D. Tenn. Aug. 9, 2023), *aff'd sub nom. Clark v. Ohio Sec. Ins. Co.,* No. 23-5808, 2024 WL 4751143 (6th Cir. Nov. 12, 2024). While Milbank and its counsel sympathize with Mr. Griffin over the enumerated personal issues in the Response, no personal issues as conveyed in the Response have been provided to Milbank or its counsel such that Milbank and its counsel would understand the inability to comply with a subpoena for over four (4) months. None of the emails attached to Mr. Griffin's Response detail any personal issues or support notice of the same being provided between service of the subpoenas and the eventual production dates.

Courts have often found a person in contempt for refusing to comply with a validly issued subpoena without objecting to it or making a motion to quash. *See, e.g., Mattie T. v. Johnston,* 74 F.R.D. 498, 500 (N.D. Miss. 1976). "The prevailing view is that a timely objection to a subpoena *duces tecum* is itself an adequate excuse, precluding a finding of contempt for failure to obey the subpoena." *Bariteau v. Krane*, 206 F.R.D. 129, 131 (W.D. Ky. 2001) (cleaned up). "There is no doubt ... that there is judicial power to punish the failure to comply with a valid subpoena as a contempt of court." 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2465 (3d ed. 2020).

In this case, no objections or motion to quash were filed in response to the subpoenas until now by Mr. Griffin or GBC. Mr. Griffin only, now argues in good faith, he "made every effort to comply and cooperate with the Defense" (D.E. 56 at PageID #771), and asks for this Honorable Court to overlook the four (4) month delay in production of document coupled with the minimum

charge of $875.00 to produce documents in an electronic format. However, the record in this case and the timeline of events wholly contradict these assertions by Mr. Griffin.

**(2)     Untimely Subpoena Production.**

Mr. Griffin's Response confirms the documents produced in response to the subpoena were not timely, and were not completely produced on the first production requiring Milbank to continue forcing Mr. Griffin and GBC's compliance with the subpoena. (D.E. 56 at PageID #771) (Mr. Griffin's Response is wholly deficient as to any basis for the failure to produce all documents responsive to the subpoena between November 12, 2024, March 19, 2025, March 24, 2025, and April 4, 2025. There are no documents or evidence that have been submitted to this Honorable Court that would tend to support the statements made in Mr. Griffin's Response as to timely, and complete production, and evidence of Mr. Griffin's good faith.

**(3)     Griffin Building Consultants, LLC Failed to File a Response or Object.**

GBC failed to file a response to Milbank's Motion and Memorandum of Law in Support of its Request for Attorneys' Fees. *See generally* D.E. 56.) Not only is Mr. Griffin a non-lawyer who filed his Response *pro se* on his own behalf and cannot request any relief on account of GBC, GBC is a Tennessee limited liability company who must retain counsel to defend its interests in this lawsuit. **"**In federal court, corporations and limited-liability companies must be represented by counsel." *Ecimos, LLC v. Nortek Glob. HVAC LLC*, No. 2:14-CV-02703-SHM, 2017 WL 3468563, at *5 (W.D. Tenn. Aug. 11, 2017), *aff'd,* 736 Fed. Appx. 577, 2018 WL 2459915 (6th Cir. 2018); *see also Wilson v. Acacia Dermatology PLLC*, No. 1:11-CV-00069, 2011 WL 3651779, at *1 (M.D. Tenn. Aug. 18, 2011) (citing cases). Therefore, GBC has failed or refused to respond to Milbank's Motion and Milbank's Motion should be granted as to GBC on this ground alone.

**(4)     LR 26.1(9) [sic] is not Favorable to Mr. William Griffin.**

Interestingly, Mr. Griffin argues LR 26.1(9) [sic] is applicable to protect Mr. Griffin from sanctions, and that Milbank failed to comply with this Local Rule and the information sought by Milbank via subpoena was available from other sources. (D.E. 56 at PageID #772.) However, Mr. Griffin overlooked the fact the Plaintiff is an Estate and the primary source of facts in this lawsuit has been deceased since May 1, 2024. (D.E. 21-1.) Mr. Griffin also overlooks the fact that he has presented the claims of the deceased to Milbank, in exchange for a contingency fee amount of recovery, during the claim investigation and handling phase and prior to the lawsuit, and likely entitled to an amount from any verdict in favor of the Plaintiff.

Therefore, the documents and information in the sole possession, custody or control of Mr. Griffin as it relates to the pre-lawsuit claim are extremely relevant and material to the claims or defenses of Milbank, even the Plaintiff in this lawsuit, and because Mr. Griffin was representing the deceased in the claim with regard to her position on the value of the loss. Milbank cannot secure these documents from anyone else other than Mr. Griffin or GBC as those were the creators and repository for the claim documents representing the amount and extent of loss as claimed by the deceased, during the claim phase.

## CONCLUSION

Mr. Griffin and GBC's refusal to comply with the subpoena was without adequate excuse, unnecessary, ultimately multiplied the proceedings in this case, and substantially escalated the time required to be expended by Milbank's Counsel in securing documents central to this lawsuit. The attorneys' fees Milbank seeks are the result of not only of the inherent complexity and difficulty of the legal issues presented, but also due to Mr. Griffin's and GBC's resistance to following the Rules of Civil Procedure and the lawful subpoenas of this Honorable Court, which this Court has

63105106 v1

experienced before. In conclusion, Mr. Griffin and GBC refused all of Milbank's attempts to forego the contentious motion practice throughout and are estopped from complaining about the costs they caused Milbank to incur and for which they should be required to reimburse.

        Respectfully submitted:

        */s/ Matthew B. Rogers*
        Brian C. Neal (BPR #022532)
        Matthew B. Rogers (BPR #038777)
        BURR & FORMAN LLP
        222 Second Ave. South, Suite 2000
        Nashville, TN 37201
        Telephone: (615) 724-3246
        Facsimile: (615) 724-3346

        *Attorneys for Defendant Milbank Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of October, 2025, I served a copy of the foregoing via the Court's CM/ECF System and/or 1st Class U.S. Mail, postage prepaid on the following:

    David S. Farber (FL BPR 0370230)
    THE FARBER LAW FIRM
    2199 Ponce de Leon Blvd. Suite 301
    Coral Gables, FL 33134
    dfarber@dfarberlaw.com
    pleadings@dfarberlaw.com

    Griffin Building Consultants, LLC
    c/o Registered Agent, Lee Eddleman
    36 Sandstone Circle, Suite E
    Jackson, TN 38305

    Mr. William Griffin
    128 Poplar Street
    Gadsden, TN 38337

        */s/ Matthew B. Rogers*

63105106 v1