IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| THE ESTATE OF EILEEN FRANCIS BRITTINGHAM, DECEASED, BY AND THROUGH JAMES ANDREW BRITTINGHAM, ADMINISTRATOR,<br><br>    Plaintiff,<br><br>vs.<br><br>MILBANK INSURANCE COMPANY,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No.: 1:24-cv-02236-STA-jay<br>)<br>)<br>)<br>) |

## ORDER TO SHOW CAUSE

Defendant Milbank Insurance Company filed its Motion for Attorneys' Fees and Costs on May 5, 2025. (Docket Entry ["D.E."] 47). Defendant requests that this Court award Defendant's counsel the attorneys' fees and costs incurred in relation to preparing and submitting Defendant's Motion to Compel Subpoena Responses and for Sanctions against Nonparties William Griffin and Griffin Building Consultants LLC ("GBC"). (*Id.*). Nonparty William Griffin filed a response to the Motion for Attorneys' Fees and Costs. (D.E. 56). After seeking and receiving leave of the Court, Defendant filed a reply. (D.E. 57; D.E. 58; D.E. 59).

Before the Court substantively addresses the Motion, Griffin's response, and Defendant's reply, Griffin must first show cause as to why the Court should not impose sanctions according to Rule 11 of the Federal Rules of Civil Procedure.

In Griffin's response to the Motion, he asserts that he has acted in good faith and substantially complied with the subpoenas and that the fee request is unreasonable,

disproportionate, and unwarranted against him. (D.E. 56 at 6–7, 9). His response, however, appears to violate Rule 11 because it contains fake citations, fake quotations, and unsupported propositions.

"[T]he Federal Rules of Civil Procedure prohibit misrepresenting the law to the Court." *Axis Dynamics, Inc. v. Knox Cnty., Tenn.*, No. 3:24-cv-329, 2025 WL 2176505, at *5 n.6 (E.D. Tenn. July 29, 2025) (citing Fed. R. Civ. P. 11(b), appeal docketed, No. 25-5703 (6th Cir. Aug. 27, 2025). Rule 11, "which applies to all parties, including pro se litigants, provides that when a paper is submitted to the court, '[a] party certifies that to the best of the person's knowledge,' … formed after an inquiry reasonable under the circumstances: … [the] legal contentions are warranted by existing law…." *Ferris v. Amazon.com Servs., LLC*, 778 F. Supp. 3d 879, 881 (N.D. Miss. 2025) (quoting Fed. R. Civ. P. 11(b)(2)). "District courts are permitted to impose Rule 11 sanctions sua sponte." *Mid-America Apartment Communities, Inc. v. Philipson*, No. 2:23-cv-2186-SHL-cgc, 2025 WL 2625359, at *2 (W.D. Tenn. Sep. 11, 2025) (citing *Bojicic v. DeWine*, 145 F.4th 668, 671 (6th Cir. 2025); *see* Fed. R. Civ. P. 11(c)(3) ("On its own, the court may order … [a] party to show cause why conduct specifically described in the order has not violated Rule 11(b)."). However, "[t]he court must not impose a monetary sanction … on its own, unless it issued the show-cause order under Rule 11(c)(3)." Fed. R. Civ. P. 11(c)(5)(b).

Some of Griffin's unsupported propositions alone perhaps do not warrant a show cause order. For example, in Griffin's introduction of his response, he cites to *United States v. One Tract of Real Prop.*, 95 F.3d 422 (6th Cir. 1996), for the proposition that Defendant's request for attorneys' fees is "disproportionate, especially when compared to similar fee requests in the Sixth Circuit, which typically award between $500–$2,000 for non-party disputes." (D.E. 56 at 6). However, after reviewing the *One Tract* case, the Court is unable to identify any discussion involving what the Sixth Circuit "typically" awards in attorneys' fees requests, let alone a decree

by the Sixth Circuit setting forth a range of acceptable attorneys' fees in cases like the one in front of this Court. Additionally, in arguing that Defendant's fee request is unreasonable, Griffin cites *In re Exxon Valdez*, 142 F.R.D. 380, 383 (D.D.C. 1992) to assert that "[c]ourts routinely deny attorneys' fees where the non-party's compliance was ultimately sufficient, even if delayed." (D.E. 56 at 9). Disregarding the fact that Griffin makes this broad assertion without citing more than a single case as support, which calls into question just how routine these purported denials are, *Exxon Valdez* itself does not support Griffin's assertion.

Griffin's citation to *United States v. Columbia Broad. Sys., Inc.*, 666 F.2d 364, 371–72 (9th Cir. 1982) appears to more seriously misrepresent the law to the Court in violation of Rule 11. In citing *Columbia Broadcasting* for the proposition that any burden he has imposed against him as a nonparty "must be weighed against the limited role he plays in this litigation," (D.E. 56 at 9), Griffin includes a parenthetical containing the following quote: "Courts must be particularly sensitive to nonparty discovery burdens." (*Id.*). After examining *Columbia Broadcasting*, the Court is unable to find the quote in *Columbia Broadcasting* or *any case* ever published.

Worst of all, Griffin cites to fake caselaw in violation of Rule 11. In his response, he cites to *Waste Conversion, Inc. v. Rollins Envt'. Servs. (NJ), Inc.*, 893 F. Supp. 630, 636 (D.N.J. 1995) for the proposition that "courts require a willful refusal or bad faith noncompliance before imposing sanctions." (*Id.* at 6). But a search of Griffin's version of *Waste Conversion* reveals that such an opinion authored by the District of New Jersey in 1995 does not exist. To be sure, a search of the fictitious *Waste Conversion*'s court reporter citation, 893 F. Supp. 630, reveals instead *United States v. Wallace*, 893 F. Supp. 627 (N.D. Tex. 1995). Meanwhile, a search of Griffin's version of *Waste Conversion*'s full case name, *Waste Conversion, Inc. v. Rollins Envt'. Servs. (NJ), Inc.*, reveals that cases sharing the same name as Griffin's version exist. However, those cases

were in front of different courts, and they were published in different years than Griffin's version. *See Waste Conversion, Inc. v. Rollins Environmental Services (NJ), Inc.*, 893 F.2d 605 (3d Cir. 1990); *Waste Conversion, Inc. v. Rollins Environmental Services (NJ), Inc.*, 888 F.2d 1383 (E.D. Pa. 1989). As if citing a phony case was not absurd enough, Griffin accompanies his citation to the fake version of *Waste Conversion* with a parenthetical containing the following quote: "Non-parties are entitled to special consideration for the burdens they face in discovery." (D.E. 56 at 6). A search of this quote reveals that, like the quote found in the parenthetical following Griffin's citation to *Columbia Broadcasting*, this quote has never been used in *any case* ever published.

Just under two months ago, this Court addressed how lawyers' and non-lawyers' increased usage of artificial intelligence has resulted in "a scourge of fictitious case citations in court documents." *See Philipson*, No. 2:23-cv-2186-SHL-cgc, 2025 WL 2625359, at *2. In *Philipson*, this Court identified how a party's deceptive citation to nonexistent case law and fabricated quotations results in several consequences, "'including wasting the opposing party's time and money, the Court's time and resources, and reputational harms to the legal system (to name a few).'" *Id.* (quoting *Buckner v. Hilton Glob.*, No. 3:24-CV-375-RGJ, 2025 WL 1725426, at *7 (W.D. Ky. June 18, 2025)). The Court also noted that "'[c]ourts across the country have issued sanctions against attorneys and pro se parties for submitting fictitious case citations, fictitious quotations, and related misrepresentations to the court, including … monetary sanctions[.]'" *Id.* at 3 (quoting *United States v. Hayes*, 763 F. Supp. 3d 1054, 1071 (E.D. Cal. 2025)). The undersigned agrees with Chief Judge Lipman's concerns regarding irresponsible usage of artificial intelligence in brief filings before this Court, or any court for that matter. There remains a remote possibility that Griffin did not use artificial intelligence to draft his response. But the types of errors found in his response indicate that artificial intelligence was in fact utilized to draft his response. Regardless

of whether artificial intelligence was used, Griffin filed his response despite it containing overly broad propositions, fake quotations, and fake cases. This conduct demonstrates a lack of candor on Griffin's part and is violative of Rule 11.

Considering this Court's concern regarding Griffin's response, Griffin is **ORDERED TO SHOW CAUSE**, by November 10, 2025, why the Court should not impose sanctions, which may include, but is not limited to, monetary penalties.

In his response to this Order to Show Cause, Griffin shall provide a list of all the cases he cited in his response to the Motion and do the following: (1) confirm whether the cases exist and, if they do, verify their existence; (2) confirm whether each case stands for the proposition Griffin cites; (3) confirm whether any language quoted actually comes from the cited case, or, if it does not, identify the case where it can be found if there is one; and (4) as to any case that does not exist, does not stand for the proposition for which it is cited, or does not contain the cited quotations, Griffin shall identify what steps, if any, he took prior to citing to the cases to verify their existence. After reviewing Griffin's response to this Order to Show Cause, the Court will determine what sanctions, if any, are warranted in this case.

The Clerk of the Court is **ORDERED** to send a copy of this Order to William Griffin, 128 Poplar Street, Gasden, TN 38337.

**IT IS SO ORDERED** this 27th day of October, 2025.

s/ Jon A. York  
UNITED STATES MAGISTRATE JUDGE